**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
)
v. ) I.D. # 2309012789
)
LEE D. WARRINGTON, )
)
Defendant. )

Date Submitted: April 21, 2024
Date Decided:  June 10, 2024

**ORDER DENYING LEE D. WARRINGTON'S
<u>MOTION FOR MODIFICATION</u>**

Having considered Lee D. Warrington's ("Warrington") Motion for Modification (the "Motion"), for the following reasons, the Motion is **DENIED**.

1.      On January 25, 2024, Warrington pleaded guilty to one count of Possession of a Controlled Substance and one count of Resisting Arrest.  He was immediately sentenced, consistent with the sentencing recommendation in the Plea Agreement, as follows: (1) for Possession of a Controlled Substance, five years at Level V, suspended after successful completion of the Road to Recovery program, followed by six months at Level IV home confinement, followed by one year at Level III; and (2) for Resisting Arrest, two years at Level V, suspended for one year at Level III.[1]

---
[1] D.I. 5.

2.      On April 21, 2024, Warrington filed the Motion, seeking to eliminate the Level IV portion of his sentence and instead, permit him to serve six months at Level III on GPS, followed by one year at Level III with no GPS.[2]  Warrington argues that Level III GPS monitoring will allow him to secure sober-living housing after he is released, enable him to pursue a welding certificate from Del-Tech while working full-time, and enable him to attend rehabilitation programs, all of which will be hindered if he is required to serve Level IV home confinement.

3.      Superior Court Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."  The Court may consider reducing the term or conditions of partial confinement or probation at any time.[3]

4.      Rule 35(b) places the burden of proof on "the movant to establish cause to modify a lawfully imposed sentence."[4]  While the rule does not set forth specific criteria which must be met to sustain this burden of proof, "'common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate.'"[5]  The determination of whether to modify a sentence is left to the sound discretion of the Court.[6]

---

[2] D.I. 6.
[3] Super. Ct. Crim. R. 35(b).
[4] *State v. Evans*, 2024 WL 36518, at *2 (Del. Super. Jan. 3, 2024).
[5] *Id.* (citing *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).
[6] *State v. Garfield*, 2023 WL 8234371, at *2 (Del. Super. Nov. 28, 2023).

2

5. This is Warrington's first motion for a sentence modification, and it seeks modification of the portion of his sentence that requires partial confinement. Thus, there are no procedural bars to the Motion.

6. The Court imposed a sentence to which Warrington agreed in the Plea Agreement. At the time of sentencing, six months on home confinement was an integral part of the sentence. While the Court commends Warrington for desiring to seek employment, counseling, and further assistance upon his release from Level V, he has provided no basis for the Court to modify his sentence.

7. The Court finds that Warrington's sentences continue to be appropriate. Accordingly, the Court exercises its discretion and DENIES the Motion.

IT IS SO ORDERED.


June 10, 2024

/s/Kathleen M. Miller
Judge Kathleen M. Miller